IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

FILED
GREAT FALLS DIV.
'06 JAN 30 PM 4 47
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| KARIN K. ROSSNER, | ) | |
| Plaintiff, | ) | CV-05-57-GF-SEH |
| vs. | ) | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) | |
| Defendant. | ) | |

Plaintiff Karin K. Rossner (Rossner) instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security (Commissioner), denying her claim for a continuance of a period of disability and disability insurance benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401-433. By Order filed July 29, 2005, U.S. District Judge Sam E. Haddon referred this case to the undersigned for all pretrial proceedings pursuant to 28 U.S.C. § 636(b)(1)(A), including submission of proposed findings and recommendations. See Court's Doc. No. 9.

Now pending before the Court is Rossner's Motion for Summary Judgment (Court's Doc. No. 11) and the Commissioner's Motion for Remand (Court's Doc. No. 17). Having considered the issues presented by the parties, together with the administrative record, the Court recommends that this case be

remanded to the Commissioner for further administrative proceedings.

I.  **PROCEDURAL BACKGROUND:**

On January 18, 1996, an Administrative Law Judge (ALJ) found Rossner disabled, and thus entitled to DIB, as of June 6, 1994. *Tr. at 301-12.* In March 2000, the Social Security Administration (SSA), after conducting a review of Rossner's disabled status, notified Rossner of its determination that her disability ceased on March 1, 2000, and that her entitlement to DIB would end the last day of May 2000. *Tr. at 363-65.* Plaintiff requested reconsideration of that determination. *Tr. at 366.*

On June 22, 2000, a disability hearing officer issued a written decision affirming the cessation of Rossner's DIB. *Tr. at 390-407.* Rossner appealed the decision, and submitted a claim for continuing disability. *Tr. at 408-28.*

On December 20, 2000, an ALJ held a hearing on Rossner's claim of continuing disability. *Tr. at 31-108.* On May 21, 2001, the ALJ issued a written decision in which he found improvement of Rossner's medical conditions related to her ability to work. *Tr. at 28.* The ALJ found that Rossner could perform the full range of light work as of March 2000, that she would be able to perform her past relevant work as an electronics assembler and that she was, therefore, no longer

2

disabled under the Act. *Tr. at 28-29.*

On September 5, 2002, the Appeals Council declined to review the ALJ's decision (*Tr. at 4-6*). Rossner appealed the Commissioner's final decision to this Court.

On October 31, 2003, the Court[1] issued an Order in <u>Rossner v. Barnhart</u>, CV-02-89-GF-CSO ("<u>Rossner I</u>")(*Tr. at 733-51*). In its Order, the Court found that evidence of record supported the ALJ's conclusion that Rossner had experienced medical improvement of her physical condition. *Tr. at 741-44.* However, the Court further determined that the ALJ did not fully and fairly develop the record with respect to Rossner's possible mental impairments, and thus failed to overcome the presumption of Rossner's continuing disability. *Tr. at 744-50.* The Court remanded the matter to the Commissioner for consideration of Rossner's mental condition and its impact, if any, on her ability to work. *Id.*

On January 14, 2004, the Appeals Council remanded the case to an ALJ for further proceedings consistent with the Court's Order. *Tr. at 753-54.* On November 2, 2004, the ALJ, on remand, held a supplemental hearing. *Tr. at 555-622.*

On February 2, 2005, the ALJ issued his written decision. *Tr. at 530-39.* He concluded that Rossner's condition was not

---

[1] Upon the parties' consent, the undersigned was assigned as the presiding judge in Rossner's previous action.

disabling as of March 1, 2000, because her severe physical and mental impairments did not preclude her from performing substantial gainful activity. *Tr. at 538-39*. The Appeals Council declined to assume jurisdiction over the ALJ's decision making it the Commissioner's final decision for purposes of judicial review. 20 C.F.R. § 404.984 (2005). Jurisdiction over the instant action vests with this Court under 42 U.S.C. § 405(g).

## II.  *DISCUSSION:*

Rossner asks the Court to reverse the Commissioner's decision, and to award her DIB retroactive to the date of termination of benefits. *Brief in Support of Motion for Summary Judgment* [hereafter *Rossner's Opening Br.*] *at 11*. In the alternative, Rossner asks the Court to remand the matter for further proceedings. *Id.;* see also *Cmplt. at 3*.

Rossner argues that the ALJ failed to base his conclusion that *medical improvement occurred upon substantial evidence.* *Rossner's Opening Brief at 3-10*. She argues that the ALJ listed only two medical impairments, compression fracture of lumbar spine and somatoform pain disorder, and failed to note her various other impairments that affect her ability to work in making his determination. *Id. at 7*.

Rossner also argues that the ALJ did not attempt to compare her medical impairments at the time of the decision to terminate

4

her benefits with her impairments at the time of the supplemental hearing on November 2, 2004. *Id. at 6-8.* Had he done so, Rossner argues, the ALJ would have concluded that her functional limitations have increased rather than decreased. *Id. at 8.*

Rossner further argues that the ALJ failed to credit and adopt the hypothetical question posed by Rossner's counsel, which question included all of the functional limitations found in the record. *Id. at 9.* Also, Rossner argues that the ALJ erred in relying on the testimony of the vocational expert (VE) who used out-of-date data in testifying about jobs available in the national economy that Rossner could perform. *Id.*

In response, the Commissioner argues that the record establishes that Rossner's condition improved and that her functional limitations did not preclude her from working as of March of 2000. The Commissioner concedes, however, that remand for further administrative proceedings is appropriate. *Defendant's Brief in Support of Defendant's Motion for Remand and in Opposition to Plaintiff's Motion for Summary Judgment* [hereafter *Deft.'s Br.*] *at 1.* The Commissioner acknowledges that the Court should remand the case because the ALJ: (1) did not articulate sufficiently the weight he gave to the opinion of Ronald M. Peterson, M.D., who opined that Rossner could work no more than 20 hours a week; and (2) did not sufficiently develop

5

the record the determine whether Rossner's skills were transferable to semi-skilled work within her residual functional capacity (RFC). *Id. at 2-3.*

In reply, Rossner argues that the Court should remand the matter only if such remand includes instructions to award reinstatement of benefits. *Reply Brief in Support of Motion for Summary Judgment* [hereafter *Rossner's Reply*] at 1. Rossner argues that a remand for any other purpose would "only allow the [C]ommissioner a second bite at the apple on a disability determination and would delay benefit matters unnecessarily." *Id.*

Having again carefully reviewed the record, the Court believes it is appropriate under the circumstances to remand the matter to the Commissioner for further administrative proceedings. The Commissioner concedes that the Appeals Council, in reviewing Rossner's case, "determined that remand for further administrative proceedings is warranted because the [ALJ] did not sufficiently articulate the weight given to all medical opinion evidence and did not develop the record to determine whether [Rossner] had skills transferable to skilled or semi-skilled work." *Defendant's Motion for Remand at 2.*

The Commissioner also notes that on remand, the Appeals Council will remand the matter to an ALJ for further action, to include a supplemental hearing, and will afford Rossner an

6

opportunity to present any other evidence relevant to her claim. The Appeals Council also will direct the ALJ to:

> [1] give further consideration to [Rossner's] maximum residual functional capacity as of March 1, 2000;
>
> [2] evaluate all medical source opinions and explain the weight given to such opinion evidence, including, but not limited to, the October 4, 2003, opinion of treating physician Ronald M. Peterson, M.D., who opined that [Rossner] could not work more than 20 hours per week (Tr. 536);
>
> [3] obtain supplemental evidence from a vocational expert to clarify, pursuant to Social Security Ruling 82-41, whether [Rossner] had skills transferable from her past relevant work to other skilled or semiskilled jobs; determine the effects of assessed limitations on [Rossner's] occupational base; pose hypothetical questions to the vocational expert that reflect the specific capacity/limitations established by the record as a whole; ask the vocational expert to identify examples of any appropriate jobs; state the incidence of such jobs in the national economy; and, pursuant to Social Security Ruling 00-4p, identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles and its companion publication, the Selected Characteristics of Occupations.

*Id.* at 2-3. The Court agrees that remand is appropriate on the current record to permit the ALJ to address the areas listed *supra*.

The Court reluctantly reaches the foregoing conclusion. It is profoundly unfortunate that a second remand is necessary in this case. The SSA terminated Rossner's benefits in May of 2000. She has been pursuing reinstatement of those benefits for nearly six years. She has participated in three administrative hearings with respect to the SSA's termination of her DIB, and

probably will participate in another. It is likely that she finds little consolation in the Commissioner's concession at this point in the proceedings that the record is still not fully developed, and that further proceedings are necessary to gather and evaluate yet more evidence. The record in this case is already more than 900 pages in length, and will inevitably grow larger as further proceedings occur. Yet the Court is aware of no authority that allows it to order benefits on the basis that the Commissioner has not expeditiously handles the proceedings.

The Court is mindful that this case presents issues more complex than an ordinary appeal of the denial of an application for Social Security benefits. The Court is equally mindful, however, of the burden administrative proceedings place on an applicant for benefits when such proceedings are prolonged beyond a reasonable time, or when they cover the same territory more than once. Should the District Court agree that remand is appropriate as recommended herein, the Court directs the Commissioner to act expeditiously to effect a final, fair resolution to Rossner's claim for continuance of DIB.

### III. *CONCLUSION*:

For the foregoing reasons,

**IT IS RECOMMENDED** that Rossner's Motion for Summary Judgment (Court's Doc. No. 11) be DENIED and that the Commissioner's Motion for Remand (Court's Doc. No. 17) be

8

GRANTED, as set forth herein.

**IT IS FURTHER RECOMMENDED** that remand be entered pursuant to sentence four of 42 U.S.C. § 405(g) which provides:

> The court shall have power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 30th day of January, 2006.

Carolyn S. Ostby
United States Magistrate Judge